**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| LAWRENCE M. FRIEDMAN | ) | Case No. : |
| 7543 Shadywood | ) | |
| Sylvania, OH  43560 | ) | Judge |
|  | ) | |
| Plaintiff, | ) | **Class Action Complaint** |
|  | ) | |
| -vs- | ) | **Jury Demand Endorsed Herein** |
|  | ) | |
| SCHERING-PLOUGH ANIMAL HEALTH | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

For his complaint against Defendant Schering-Plough Animal Health (hereinafter "Schering Plough" or "Defendant"), named Plaintiff Lawrence M. Friedman (hereinafter "Plaintiff"), acting on his own behalf and on behalf of the Class of persons defined below, states as follows:

1.     Plaintiff makes the allegations contained herein based upon knowledge as to his own acts and upon information and belief.

2.     This is a class action seeking redress for damages suffered by the Class resulting from Defendant's sale of contaminated or improperly manufactured veterinary diabetic

medication known at Vetsulin for a period running from the present back to such time as Defendant commenced selling the contaminated or improperly manufactured product, but at least as far back as August of 2009, and no further back than that period of time permitted by the applicable statute of limitations.

3.      This action is brought on behalf of all persons who purchased Vetsulin for the period of time set forth in the preceding paragraph..

4.      On behalf of himself and Class Members, Plaintiff seeks, among other remedies, injunctive relief, equitable relief, statutory damages and compensatory damages for the unlawful practices perpetrated by Defendant in connection with the production, marketing and manufacture and sale of Vetsulin.

5.      These class action claims arise out of the sale of contaminated and/or improperly manufactured Vetsulin, as well as the unfair, deceptive and/or unconscionable acts of the Defendant in producing, marketing and selling the contaminated or improperly manufactured veterinary pharmaceutical.  Defendant's conduct violates the several states' Consumer Sales Practices Acts.  Defendant's conduct also constitutes a breach of warranty.

## JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. § 1332(d), this Court has original jurisdiction over this civil action, since this is a matter in which the aggregate claims of the putative Class Members exceed the sum or value of $5,000,000 exclusive of interest and costs; at least some members of the putative class are citizens of a state different than the defendant; and, less than one-third of the putative class members will be Ohio residents.

7.      This Court has personal jurisdiction over Defendant because it conducts substantial business in the State of Ohio, has sufficient minimum contacts with the State, and

otherwise avails itself of the markets in this State, through promotion, sale, marketing, and distribution of its products in this State, so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. The State of Ohio has a substantial and paramount interest in preventing the practices alleged herein from occurring in Ohio.

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(2) as a substantial portion of the events or alleged omissions giving rise to the claims asserted herein occurred in this Judicial District.

## PARTIES

9.      The Plaintiff Lawrence M. Friedman is an individual who resides in Lucas County, Ohio.

10.      Defendant Schering-Plough Animal Health is a Delaware corporation with its principal place of business located in Kenilworth, New Jersey.

## FACTUAL BACKGROUND

11.      Defendant manufactures a diabetic veterinary pharmaceutical known as Vetsulin.

12.      Vetsulin is the most widely used veterinary diabetic pharmaceutical in the United States.

13.      Defendant sells tens of millions of dollars of Vetsulin to purchasers in the United States each year.

14.      Defendant manufactures, produces, supplies, distributes, markets and sells Vetsulin with the purpose or design that it will be purchased for veterinary consumption, regardless of how it is actually sold, e.g., directly or through veterinarians across the United States.

3

15.    Defendant actively represents to its customers, consumers, veterinarians, and others who purchase or resell Vetsulin that the product is safe for consumption and it contributes to and promotes the health and well-being of veterinary animals including household pets.

16.    In fact, Defendant knew or should have known for at least several months prior to the November 3, 2009 warning by the FDA to stop using Vetsulin that the Vetsulin was either improperly manufactured or was contaminated.

17.    Although the FDA has warned against the continued use of Vetsulin, Defendant only requested that pet owners and their veterinarians closely monitor these pets and did not advise against destroying or not using the medication.

18.    Defendant still has not recalled its contaminated or improperly manufactured product and continues to manufacture, produce, supply, distribute, market and sell the same.

19.    Plaintiff has purchased Vetsulin through his pet's veterinarian, Sylvania Veterinary Hospital, 5227 South Main Street, Sylvania, Ohio, for several years.

20.    By the end of September, 2009, Plaintiff's pet was not eating well.  Subsequently, Plaintiff incurred over $1,000 in veterinary bills as well as hundreds of dollars of other expenses before his pet perished in December of 2009.  All of these expenses were directly and proximately caused by the use of the contaminated and/or improperly manufactured Vetsulin.

21.    Plaintiff has sustained out-of-pocket damages as well as suffering emotional injuries as a direct and proximate result of the conduct described herein.

## CLASS ACTION ALLEGATIONS

22.    The Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

23.     This action is brought by Plaintiff individually and on behalf of a Class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.).  The Class meets the prerequisites required under Rule 23(a) and the requirements defined under Rules 23(b)(1)(A) and 23(b)(3).

24.     This matter is appropriate for Class certification under the following definition of the Class (hereinafter referred to as "Class Members" or "the Class"):  All persons who purchased Vetsulin for their household pets from the present back to the first date that Defendant sold contaminated and/or improperly manufactured Vetsulin or such shorter period of time as permitted by the applicable statute of limitations.

25.     Each Class Member was harmed by the conduct of Defendant through its production, marketing, and sale of the contaminated and/or improperly manufactured Vetsulin.

26.     The Class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the Class, the claims of the representative party are typical of the claims of the Class, and the representative party will fairly and adequately protect the interests of the Class, which includes adequacy of the party and his her counsel.

27.     Joinder of all Class Members is impracticable.  Defendant produced, marketed, and sold Vetsulin to millions of consumers directly and through their pets' veterinarians.

28.     There are numerous and substantial questions of law and fact common to all Class Members which control this litigation and which predominate over any individual issues.

29.     The claims herein are based upon the same contamination and/or improper manufacturing of Vetsulin as well as the same unfair and deceptive conduct by Defendant and are thus the subject of common proof.

30.     The conduct of Defendant is uniform as to all of the Class Members.

31.     The issues of whether Defendant sold contaminated and/or improperly manufactured Vetsulin or engaged in unfair and deceptive acts and/or breached a warranty by producing, marketing and selling contaminated and/or improperly manufactured Vetsulin for the purpose of treating their household animals is determinative with respect to the merits of all of the class members' claims:

    a.     All of the Class Members purchased Vetsulin during the period of time in which Defendant was producing, marketing, and selling the contaminated and/or improperly manufactured product.

    b.     Vetsulin was contaminated and/or improperly manufactured to a degree that caused serious illness and death in a substantial number of household pets.

    c.     Defendant's conduct in relation to each of the Class Members was virtually identical.

    d.     Defendant knew or had reason to know of the contamination and/or improper manufacturer of its Vetsulin and consistently, intentionally, knowingly or negligently affirmatively misrepresented the product.

    e.     Defendant intentionally, knowingly, or negligently misrepresented the fact that Vetsulin promoted the health of the Class Members' household pets.

    f.     Defendant represented that Vetsulin was of a particular grade, standard, or quality, when it was not, by omitting material information concerning the danger of the product from the label affixed thereto.

    g.     Defendant failed to warn Plaintiff and Class Members of the true dangers of Vetsulin.

32.     The claims of the Plaintiff are typical of the claims of the Class.  Defendant used a common scheme in the production, distribution and sale of Vetsulin product which underlies all of the claims of the Class against Defendant.

33.     The representative party will fairly and adequately represent the interests of the Class.

34.     Both the Plaintiff and his counsel meet the adequacy requirement.

35.    The Plaintiff has no interests antagonistic to those of other Class Members and is, in fact, similarly situated with respect to Defendant.  The interests of the Plaintiff in this matter are identical to those of the Class Members.

36.    The Plaintiff's legal counsel has a time-honored reputation for competency, experience and skill in handling complex litigation, including class actions.  Their counsel's ability to skillfully litigate cases such as the present case is well-documented.[1]  The Plaintiff's counsel has dedicated and will continue to dedicate high levels of legal skill and devotion to the vigorous prosecution of this class action litigation.

37.    A class action is a superior method to other methods of resolution.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

a)    The expense and burden of individual litigation are impediments to individual members of the Class seeking redress for the wrongful conduct alleged.

b)    Further, prosecution of separate actions against Defendant would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct regarding Defendant and the production and sale of Vetsulin.

38.    The current action is maintainable under both Fed.R.Civ.P. Rule 23(b)(1)(A) and Rule 23(b)(3) standards.

39.    The class action is maintainable under Fed.R.Civ.P. Rule 23(b)(1)(A) because Defendant used a common manufacturing, production, marketing and sales scheme to systematically produce and sell Vetsulin, for use by the consumers' pets.  Therefore, Defendant knew or should have known that Vetsulin would lead to serious illness and/or the death of the Class Members' pets.

---

[1] With regards to Murray & Murray see, e.g., *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, (1988); *Cope v. Metro. Life Ins. Co.*, 82 Ohio St.3d 426, 696 N.E.2d 1001.

40.     The issues involved in this action relate directly to the conduct of Defendant and have very little relation to any differences that may exist with respect to individual Class Members.  The differences are limited to the extent of damages incurred by each Class Member.

41.     If each individual Class Member was required to bring a separate action, there is a substantial risk that the numerous outcomes may establish incompatible standards.

42.     This action is maintainable under Fed.R.Civ.P. Rule 23(b)(3) because a question of law or fact predominates over any question affecting only individual members and that a class action is the superior method to other mechanisms available.

a)      This action involves almost exclusively identical issues among the Class Members.

b)      The questions of law and fact arise out the standard conduct of Defendant. Individual issues that may arise are limited to those with respect to damages.

c)      A class action is the superior method to the alternatives: such as joinder or test cases.  The large number of Class Members makes joinder impracticable.  Litigation is too costly for individuals to each bring an individual claim due to the relatively small claim per Class Member.  The test case is not a superior method because Defendant would likely settle individual claims to prevent adjudication of liability and a test case scenario would likely require follow-up litigation, which would be avoided by a class action.

43.     The Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  Furthermore, by way of a class action, the Court can determine the rights of all Class Members with judicial economy.

## COUNT ONE
## NEGLIGENCE

44.     The Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

45.     As a result of the conduct alleged herein, Defendant failed to exercise ordinary and reasonable care in the manufacture, distribution and marketing of Vetsulin.

46.     As a direct and proximate result of Defendant's negligence, Plaintiff and the Class Members sustained monetary damages and severe emotional distress.

**COUNT TWO**
**VIOLATION OF**
**CONSUMER SALES PRACTICES ACTS**

47.     The Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

48.     Defendant is a supplier in that it engaged in the business of effecting or soliciting a consumer transaction with the plaintiff, i.e., the sale of Vetsulin to the Plaintiff herein.

49.     The Plaintiff is a consumer.

50.     Plaintiff purchased Vetsulin for his pet through his veterinarian for the last several years.  As such, the sale constitutes a consumer transaction.

51.     Defendant engaged in an unfair and/or deceptive act or practice in connection with the sale of Vetsulin to Plaintiff and Class Members, including but not limited to, representing that the product was of a particular grade, standard, or quality, when it was not, by omitting material information concerning the product from the label affixed thereto and by failing to warn Plaintiff and Class Members about the true dangers of Vetsulin.

52.     Defendant engaged in unconscionable acts or practices in connection with the sale of its Vetsulin to Plaintiff and Class Members, including but not limited to, representing that the product was of a particular grade, standard, or quality, when it was not, by omitting material information concerning the product from the label affixed thereto, and by failing to warn Plaintiff and Class Members of the true dangers of Vetsulin.

53.     Defendant knew at least as early as August 2009, including before some of the Plaintiff's purchases, that Vetsulin was contaminated and/or improperly manufactured and further knew of the inability of the consumer to learn this fact or receive a substantial benefit from the purchase of Vetsulin.

54.     Defendant knew or reasonably should have known that the Vetsulin which it manufactured, marketed and sold was potentially dangerous and was likely to cause serious illness and/or death to household who consumed the medication, which would in turn lead to financial loss and serious mental anguish of the consumer.  Defendant knew or reasonably should have known that this danger could significantly harm Plaintiff and the Class Members.

55.     Defendant did not immediately inform and, in fact, concealed from Plaintiff that the Vetsulin which it manufactures, markets and sells is potentially dangerous to consumers' pets and of the financial consequences and mental anguish of pet owners which followed.  To the contrary, the Defendant allowed and encouraged the Plaintiff through marketing efforts to believe that Vetsulin would benefit his pet.

56.     By manufacturing, marketing and selling Vetsulin to the Plaintiff without disclosing the severity of the risks involved, Defendant knowingly and intentionally made misleading statements of fact with respect to the benefit the Plaintiff's pet could receive from Vetsulin.

57.     Through systematic advertising, packaging and marketing, Defendant routinely represented Vetsulin as a safe and high quality pharmaceutical which would help to maintain the health of the pet belonging to Plaintiff and the Class Members.  The expression as to the safety and quality of the product without disclosure of the substantial risk of serious illness and death to

the pet is intended to make the consumer believe that the product is safe and will promote health and well-being in the pet and so that they will further purchase and use the product.

58.     Defendant was on notice that its conduct was a deceptive, unfair and/or unconscionable act as defined by the Ohio Consumer Sales Practices Act.

59.     As a result of Defendant's unfair, deceptive and/or unconscionable practices, Plaintiff and Class Members are entitled to a refund of the full purchase price paid for Vetsulin together with statutory damages, including but not limited the emotional damages suffered by Plaintiff and the Class Members.

## COUNT THREE
## BREACH OF WARRANTY

60.     The Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

61.     Defendant manufactured, sold, distributed, marketed and/or promoted Vetsulin that was used by the household pets belonging to Plaintiff and the Class Members.

62.     The Vetsulin used by the household pets belonging to the Plaintiff and Class Members was expected and did reach the household pets without substantial change in condition.

63.     Defendant, their agents and employees, in manufacturing, selling, distributing, supplying, marketing and/or promoting Vetsulin expressly and impliedly warranted that the product was not unreasonably dangerous and was merchantable and fit for its intended use.

64.     Defendant, their agents and employees, breached those warranties in that Vetsulin was not merchantable, was not fit for its intended use, and was unreasonably dangerous in light of the risk of illness and death on the part of the household pets that used the product.

65.     As a direct and proximate result of Defendant's breaches of warranty, warranties upon which Plaintiff and Class Members relied in giving Vetsulin to their household pets, Plaintiff and the Class Members suffered severe emotional injury and financial loss.

**COUNT FOUR**
**PRODUCT LIABILITY — PRODUCT DEFECTIVE IN MANUFACTURE**

66.     The Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

67.     The Vetsulin used by the pets of the Class Members deviated in a material way from the design specifications, formula, or performance standards of the Defendant at the time it left the control of the Defendant.

68.     As a direct result of the Defendant's sale and distribution of defective Vetsulin, the Class Members' pets suffered physical damage, and the Class Members themselves suffered serious emotional distress.

**WHEREFORE**, Plaintiff and the Class Members demand judgment, jointly and severally, against defendant as follows:

a)      On all Counts, for an order declaring that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for an order certifying this case as class action;

b)      On all Counts, for compensatory damages on behalf of plaintiff and the Class members in an amount to be proved at trial;

c)      On all Counts, for an order that plaintiff and the Class be awarded all expenses, costs and disbursements incident to the prosecution of this action, including reasonable attorneys' fees;

d)      On all Counts, punitive and/or exemplary damages in an amount appropriate to punish defendant for their conduct and to deter defendant and others from engaging in future like conduct;

e)      On all Counts, for interest and costs; and

f)      For such other and further relief as allowed by law and/or as is equitable under the circumstances.

Respectfully Submitted,

**/s/ Dennis E. Murray Jr.**
Dennis E. Murray, Jr. (#0038509)
James S. Timmerberg (#0067499)
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio 44870
Telephone: 419-624-3000
FAX: 419-624-0707
dmj@murrayandmurray.com
jst@murrayandmurray.com

Richard M. Kerger
Stephen D. Hartman
KERGER & HARTMAN
The Bakery Building
33 South Michigan St., Suite 100
Toledo OH 43602
Telephone: (419) 255-5990
FAX: (419) 255-5997
rkerger@kergerlaw.com
shartman@kergerlaw.com
                Attorneys for Plaintiff


**JURY DEMAND**

Plaintiff hereby demands a trial as to all causes of action and issues so triable.

**/s/ Dennis E. Murray Jr.**
Dennis E. Murray, Jr. (#0038509)
MURRAY & MURRAY CO., L.P.A.
Attorney for Plaintiff