# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Larry Friedman, | ) | Case No. 3:09-CV-2945 |
| | ) | |
| | ) | Hon. James G. Carr |
| Plaintiff, | ) | |
| | ) | Richard M. Kerger (0015864) |
| | ) | Stephen D. Hartman (0074794) |
| v. | ) | KERGER & HARTMAN, LLC |
| | ) | 33 S. Michigan St., Suite 100 |
| | ) | Toledo, OH 43604 |
| Schering-Plough Corporation, | ) | Telephone: (419) 255-5990 |
| | ) | Fax: (419) 255-5997 |
| | ) | Email: rkerger@kergerlaw.com |
| Defendant. | ) | Email: shartman@kergerlaw.com |
| | ) | |
| | ) | Dennis E. Murray, Jr. (0038509) |
| | ) | James S. Timmerberg (0067499) |
| | ) | MURRAY & MURRAY CO., L.P.A. |
| | ) | 111 East Shoreline Drive |
| | ) | Sandusky, OH 44870 |
| | ) | Telephone: (419) 624-3000 |
| | ) | Fax: (419) 624-0707 |
| | ) | Email: dmj@murrayandmurray.com |
| | ) | Email: jst@murrayandmurray.com |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR AN ORDER THAT DEFENDANT CEASE PROVIDING MISLEADING COMMUNICATIONS TO CLASS MEMBERS AND FOR AN ORDER THAT ALL SETTLEMENT AGREEMENTS THAT DEFENDANT HAS ENTERED INTO WITH ANY CLASS MEMBER BE RESCINDED**

Defendant Response fails to address the key issues in Plaintiff's Motion, and it expects the Court to do the same in denying the Motion. That part of the Response

which does address the relief sought in the Motion ignores the obvious facts Plaintiff has set forth. The Plaintiff's Motion should be granted.

I. The Defendant's Communication and Conduct

Defendant's first argument is based upon it's contention that Plaintiff has failed to show that the communication in question have been or will be "in some way coercive, misleading or improper." See Response, at 4 (citing *Jackson v. Papa John's USA, Inc.*, 2009 WL 650181, at *3 (N.D. Ohio, case no. 08-CV 2791). Defendant seems to opine that misleading communication can only be by an assertion or disclosure, but they ignores completely that one can mislead as readily by what one does not say. A sin of omission is a sin just the same.

As courts have repeatedly found, the problem with a misleading communication is that it can lead to an unknowing waiver of the very rights asserted in a class action, by putative class members, after they have received communication from the Defendant. See, for example, *Ralph Oldsmobile Inc. v. General Motors Corp.,* No. 99 Civ. 4567(AGS), 2001 WL 1035132 (S.D.N.Y. 2001). A problem exists sufficient for a court to intervene on communication when "there exists a potential for unknowing waivers resulting from a lack of information in the [communication]" because that communication does not mention the class action. *Westerfield v. Quizno's Franchise Co., LLC,* No. 06-C-1210, 2007 WL 1062200 (E.D. Wis. 2007).

Defendant seems to suggest that because it did not *set out* to deceive, and because in some instances the communication was initiated by a potential class member (or a third party, that the Court should not be concerned with the impact the communication may have. That misses the point of the above cases entirely. The

2

problem is simply that the putative class members may unknowingly waive their rights in the class action because the Defendants offer to reimburse them for product costs comes only with a complete waiver, and the offer neglects to mention that there is a class action suit pending.

That was the problem in *Ralph Oldsmobile* and in *Westerfield v. Papa John's*, and it is precisely the problem the Plaintiff here has brought to light. The communication should some with some notice of the lawsuit, or the putative class members could waive their right to redress without ever knowing of the existence of a class action, or at least before they can be otherwise informed, so they can make a meaningful choice about their potential relief.

The communication itself, according to Defendant's witness, is "a good faith gesture that does not necessarily reflect a finding of a causal relationship between the use of its products and any alleged adverse event." See Declaration of Keith Wall, D.V.M., and Intervet employee, docket #25-1. Not necessarily? What Defendant seems to point to as the reason the communication is not misleading is the very reason the Court should step in and put a stop to its practice. There is evidence presented by Plaintiff that there is a causal relationship between the Defendant's defectively manufactured product and the harm, or death, it causes to people's pets. If this were not so, why would Defendant pay the tens of thousands of dollars it already has?

The Defendant's "good faith gesture" is another way to get people to waive their right to compensation for the Defendant's defective product without knowing that a different chance for such compensation exists. The Defendant does not have a First

3

Amendment right to subvert people's other rights by failing to inform them of what they are giving up when they sign that waiver.

Defendant contends that the Plaintiff has offered no evidence to permit the Court to make a finding of misleading or coercive conduct. It is the Defendant's own communication which is misleading and coercive, and by that alone, without any added element of motive, the Court can find the conduct misleading enough to warrant the requested relief.

## II.     Timeliness of Plaintiff's Motion

Defendants second attempt to defeat the Motion is not based on the merits of the Motion at all. The Defendant spends a significant part of its Response claiming that class certification is not appropriate in this case. The Court will make that determination when that issue is fully ripe. In the meantime, however, the putative class members should be protected from misleading communications which request general liability releases without mention of the liability from which they are granting a release. Defendant should not be allowed to use un-knowing waivers of liability to limit the potential members of the class and thereby gain an unfair advantage in the proceeding to determine class certification.

Apparently recognizing its wrongdoing, Defendant has chosen not to address the fact that people who used its defective product may be duped into signing away their rights to class relief by claiming there is no right. Such is for the Court to decide, and it should be decided when that issue is ripe and before the Court. Plaintiff did not seek certification by his Motion, but rather seeks the Court's assistance to protect potential

members of the class from accepting a paltry sum for a loss of something that was, in some cases, far more valuable.

Finally, Defendant makes the incredible argument that "[t]he relief plaintiff seeks threatens to harm the potential class members..." All the Plaintiff asks is that in order for the Defendant to get the benefit of a general release, it should be forced to allow the releasing party to make an informed decision. How that could be of harm to potential class members is clear only to the Plaintiff.

V.     Conclusion.

By seeking releases from prospective class members without informing them of the pending class-action litigation, defendant is intentionally trying to obtain unknowing waivers from prospective class members. To argue that the Motion should be denied because there has been nothing misleading is disingenuous. To argue that it should be denied because there will be no class certification is inapposite. To argue that granting the Motion will cause potential class members more harm than good is simply unsupportable. Plaintiff respectfully requests that the Court order Defendant to inform any prospective class members it contacts, at a minimum, that this lawsuit has been filed, and, preferably, to provide them the contact information for Plaintiff's counsel. Second, Plaintiff requests that any releases entered into by prospective class members to date be voided, with prospective class members given the opportunity to affirm the release after consulting with counsel.

                            Respectfully submitted,


                            /s/ Richard M. Kerger
                            Richard M. Kerger (0015864)

5

Stephen D. Hartman (0074794)
KERGER & HARTMAN, LLC
33 S. Michigan St., Suite 100
Toledo, OH 43604
Telephone: (419) 255-5990
Fax: (419) 255-5997
Email: rkerger@kergerlaw.com
shartman@kergerlaw.com

/s/ Dennis E. Murray, Jr.
Dennis E. Murray, Jr. (0038509)
James S. Timmerberg (0067499)
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH 44870
Telephone: (419) 624-3000
Fax: (419) 624-0707
Email: dmj@murrayandmurray.com
jst@murrayandmurray.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been electronically filed this 3rd day of May, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and in accordance with local rules and the Federal Rules of Civil Procedure.

/s/ Stephen D. Hartman