# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LAWRENCE M. FRIEDMAN, ) | Case No. 09-cv-02945-JGC |
| ) | |
| Plaintiff, ) | Honorable James G. Carr |
| ) | |
| v. ) | **INTERVET INC.'S OPPOSITION TO** |
| ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| SCHERING-PLOUGH ANIMAL HEALTH, ) | **TO SERVE A LIMITED SET OF** |
| ) | **INTERROGATORIES NECESSARY** |
| Defendant. ) | **FOR A CHOICE-OF-LAW** |
| ) | **ANALYSIS** |

John K. Nelson (0013055)
*Cooper & Walinski, LPA*
900 Adams St.
Toledo, OH  43604
Phone:  (419) 241-1200
Fax:     (419) 720-3430
Email: nelson@cooperwalinski.com

Mark H. Lynch (mlynch@cov.com)
Robert C. Brock (mbrock@cov.com)
Paul W. Schmidt (pschmidt@cov.com)
Phyllis A. Jones (pajones@cov.com)
*Covington & Burling LLP*
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
Phone:  (202) 662-6000
Fax:     (202) 662-6291

Counsel for Defendant Intervet, Inc. d/b/a
Intervet/Schering-Plough Animal Health

---

Plaintiff has moved for leave to propound a set of interrogatories that he asserts "are necessary to address the choice-of-law issues raised in defendant's motion to dismiss." (Pl.'s Mo. at 1.) Intervet, Inc. ("Intervet") opposes plaintiff's request to serve the proposed discovery on two grounds.  First, information regarding Intervet's corporate status and place of business is irrelevant to the issues presented by the pending motion to dismiss and, in particular,

to plaintiff's ability to pursue a claim under the New Jersey Product Liability Act ("NJPLA") on his own behalf.  Second, to the extent plaintiff seeks this discovery to bolster his argument that putative class members can pursue a NJPLA claim, the request is premature.  This Court has made clear to the parties that it will not address issues relating to class certification until after resolution of Intervet's motion to dismiss.

As to plaintiff's apparent desire to pursue a claim under the NJPLA on his own behalf, the discovery sought is futile.  Plaintiff insists that "[i]n the absence of basic discovery concerning the defendant's connections to various jurisdictions, it is impossible for the plaintiff to respond to the defendant's choice-of-law analysis."  (Pl.'s Mo. at 1.)  However, Intervet's "connections to various jurisdictions" is not relevant to whether plaintiff may proceed under the NJPLA.  It is clear that he may not.  There is no dispute that plaintiff is a resident of Ohio and that he purchased Vetsulin "for several years" from his pet's veterinarian in Ohio.  (Am. Compl. ¶¶ 9, 30.)  The amended complaint does not allege that plaintiff's pet became ill and died in New Jersey; indeed, the reasonable conclusion, given the other allegations in the complaint, is that these events also occurred in Ohio.  Under governing choice-of-law rules, Intervet's location in New Jersey is insufficient to overcome the presumption that Ohio law governs plaintiff's claims.  *See Morgan v. Biro Mfg. Co.*, 15 Ohio St. 3d 339, 342-43 (1984) (rejecting claim that law of another state applied on the basis of the defendant's state of incorporation and the location of the product's manufacture).  The discovery plaintiff seeks—whatever it reveals—will not alter this conclusion or affect the Court's ruling on the pending motion to dismiss.

To the extent that plaintiff desires discovery to pursue claims of as-yet unidentified New Jersey residents who might become members of the putative class, his discovery request is premature.  During the parties' February 18, 2010 case management

conference, the Court made clear that it did not intend to entertain matters related to class certification until it first determined whether plaintiff had pled sufficient facts to survive a motion to dismiss.  (Ex. 1, Tr. of Feb. 18. Telephonic Conference, at 17.)  In the absence of a ruling on Intervet's motion, plaintiff's request for discovery to determine the law applicable to a currently uncertified class is inconsistent with this Court's direction concerning the procedural course of this litigation.

For the foregoing reasons, Intervet requests that plaintiff's motion be denied.

/s/ John K. Nelson
John K. Nelson (0013055)

/s/ Mark H. Lynch
Mark H. Lynch

Counsel for Defendant


### N.D. Ohio Local Rule 7.1(f) Certification

I hereby certify that this matter complies with the relevant page limitations set forth under N.D. Ohio Local Rule 7.1(f).

/s/ Mark H. Lynch
Mark H. Lynch

Counsel for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Opposition to Plaintiff's Motion for Leave to Serve a Limited Set of Interrogatories Necessary for a Choice-of-Law Analysis was filed electronically this 10th day of May, 2010. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              s/ Phyllis A. Jones
                                              Phyllis A. Jones

                                              Counsel for Defendant